UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DAVID KLUCKA,<br><br>    Plaintiff,<br>v.<br>RANDALL REGO, et al.,<br><br>    Defendants. | Case No. 2:15-cv-01535-JCM-PAL<br><br>**ORDER**<br><br>(Mot. File Ext. Compl. – Dkt. #2)<br>(Mot. Appoint – Dkt. #3) |

This matter is before the Court on Plaintiff David Klucka's Motion to File Extended Complaint (Dkt. #2) and Motion to Appoint Someone to Serve Documents (Dkt. #3) filed August 12, 2015. These motions are referred to the undersigned pursuant to 28 U.S.C. § 636(a) and LR IB 1-3 and 1-9 of the Local Rules of Practice.

Plaintiff is a prisoner proceeding in this action *pro se*, which means that he is not represented by an attorney. *See* LSR 2-1. Pursuant to 28 U.S.C. § 1915 and LSR 1-1, any person who is unable to prepay the fees in a civil case may apply to the Court for authority to proceed *in forma pauperis* ("IFP"), meaning without prepaying the full three hundred fifty dollar ($350.00) filing fee.[1] Plaintiff has requested authority to proceed IFP and submitted a complaint. *See* IFP Application (Dkt. #1); Complaint (Dkt. #1-1). However, the Court denied Plaintiff's request without prejudice because his IFP Application was incomplete. *See* Order (Dkt. #4). The Court therefore instructed Plaintiff to submit a new IFP application on or before September 28, 2015.

///

///

---

[1] Pursuant to the Court's Schedule of Fees dated January 1, 2015, the administrative fee of $50.00 does not apply to persons granted *in forma pauperis* status under 28 U.S.C. § 1915.

1

**I.  MOTION TO FILE EXTENDED COMPLAINT (DKT. #2)**

Plaintiff has filed two motions related to his complaint.  First, the Motion to File Extended Complaint (Dkt. #2) asks the Court for leave to submit a "longer than normal" complaint.  LSR 2-1 states that a "civil rights complaint filed by a person who is not represented by counsel shall be *on the form provided by this Court*."  *Id*. (emphasis added).  Plaintiff asserts that the Court's form complaint does not have enough space to provide his information.  The Court's analysis of this request is guided by Rule 8 of the Federal Rules of Civil Procedure.

Rule 8 requires that a complaint contain "a short and plain statement of the claim" showing that the plaintiff is entitled to relief.  Fed. R. Civ. P. 8(a)(2).  The complaint must set forth who is being sued, what relief is sought and on what grounds, with enough detail to guide discovery.  *See, e.g.*, *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1995); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting that Rule 8 requires "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action" but it does *not* require detailed factual allegations) (citation omitted).  Stated differently, a plaintiff must summarize enough specific facts so that the complaint gives defendants "fair notice" of the basis for plaintiff's claim.  *Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011) (holding that a complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively").

However, a complaint that is needlessly long or very repetitive does not comply with Rule 8.  *Cafasso v. Gen'l Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011); *see also Nw. Nat'l Ins. Co. v. Baltes*, 15 F.3d 660, 662 (7th Cir. 1994) ("It is not the Court's job to laboriously search the Complaint for factual assertions that could, in theory, be used to support one legal claim or another."); *Jennings v. Entry*, 910 F.2d 1434, 1436 (7th Cir. 1990) (stating that a complaint must be presented with clarity sufficient to avoid requiring a district court or opposing party to sift through its pages in search of plaintiff's claim); *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988) ("If the factual elements of a cause of action are scattered throughout the complaint but are not organized into a 'short and plain statement of the claim,' dismissal for failure to satisfy Rule 8(a) is proper.").

Here, Plaintiff's Motion to File Extended Complaint (Dkt. #2) is essentially asking for an exemption from the requirement set forth in LSR 2-1 that all *pro se* litigants file their civil rights complaint on the Court's approved form. Although Plaintiff states that there is not enough space on the Court's form to provide his information, the nine-page form complaint provides ample space for plaintiffs to plead violations of their civil rights. In addition, if Plaintiff requires extra space, the instructions for the civil rights complaint form state that he is allowed to attach up to two (2) additional pages. *See* INFORMATION & INSTRUCTIONS FOR FILING CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. § 1983 IN THE UNITED STATES DISTRICT COURT, DISTRICT OF NEVADA at 6.[2] Eleven pages provide more than enough space to state claims under Rule 8(a).

Plaintiff's proposed complaint does not comply with Rule 8. The complaint totals 59 pages and consists of 22 pages of allegations and 37 pages of exhibits, including transcripts of state court proceedings, selected statutes, and police reports. Ordinarily, exhibits should not be submitted as part of a complaint. *Id.* at 2. Instead, the information Plaintiff believes to be relevant should be summarized as part of the supporting facts for the applicable count. Plaintiff may use his exhibits at a later time to support or oppose a motion to dismiss or a motion for summary judgment. Because the complaint is excessively long and needlessly repetitive and includes unnecessary exhibits, Plaintiff's Motion to File an Extended Complaint is denied.

**II.     MOTION TO APPOINT SOMEONE TO SERVE DOCUMENTS (DKT. #3)**

In general, when a district court grants a prisoner IFP status, federal law states that "the prisoner shall be required to pay the full amount of the filing fee." 28 U.S.C. § 1915(b)(1). The district court will therefore issue an order stating an amount the prisoner will need to pay as an initial partial filing fee based on a formula provided in the statute. *Id.* A prisoner's initial partial filing fee is the greater of twenty percent (20%) of the average monthly deposits or twenty percent (20%) of the average monthly balance of his or her inmate account for the six months immediately preceding the start of the action. *See id.* After the initial partial filing fee is paid, the facility having custody of the prisoner will forward payments from the prisoner's account to

---

[2] The Court will direct the Clerk of the Court to mail Plaintiff the referenced instructions, which are also available on the Court's website at http://www.nvd.uscourts.gov/Files/1983-instructions.pdf (last visited Aug. 27, 2015), along with a blank civil rights complaint form.

1  the court each month. *See* 28 U.S.C. § 1915(b)(2). Plaintiff is advised that even if this action is
2  dismissed, he must still pay the full filing fee pursuant to § 1915(b) and the monthly payments
3  from Plaintiff's inmate account will continue until the balance is paid. A prisoner's failure to
4  pay the initial partial filing fee before the deadline stated in the court's order, which typically
5  allows 30 days, "shall be cause for cause for dismissal of the case." LSR 1-3(c).

6  The Court will not order service of process on any defendants until two things happen:
7  (1) the prisoner pays his or her initial partial filing fee, and (2) the Court screens the complaint
8  and determines that it states valid claims. *Cf.* LSR 1-3(c) (requiring that a prisoner's initial
9  partial filing fee be paid "*before* the Court will order service of process") (emphasis added).
10 Once a prisoner pays the initial partial filing fee, federal law requires the district court to screen
11 the prisoner's complaint. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(a); *Lopez v. Smith*, 203 F.3d
12 1122, 1129 (9th Cir. 2000) (en banc) (noting that § 1915(e)'s screening requirement "applies to
13 all *in forma pauperis* complaints"). If a prisoner's complaint states a valid claim for relief, the
14 Court will direct the Clerk of the Court to issue summons to the defendants and instruct the
15 United States Marshal Service to serve the summons and complaint. *Cf.* Fed. R. Civ. P. 4(c)(3);
16 LSR 1-3(c).

17 Plaintiff's Motion to Appoint Someone to Serve Documents (Dkt. #3) asks the Court to
18 appoint a person or persons to make copies, serve summons, complaints, motions, subpoenas, as
19 well as any and all documents on defendants. With regard to service of the summons and
20 complaint, this Motion is premature. The Court will direct service after Plaintiff submits his
21 initial partial filing fee and the Court screens the complaint, which must state valid claims upon
22 which relief may be granted. The court will direct the US Marshals Service ("USMS") to serve
23 the complaint and give Plaintiff direction on giving the USMS the information needed to effect
24 service if the court finds after screening the complaint that it states a claim for relief against one
25 or more Defendants. However, even if the Court grants Plaintiff IFP status, that does not waive
26 his "responsibility to pay the expenses of litigation which are not covered by 28 U.S.C. § 1915."
27 LR 1-8. IFP status does not extend to issuing or serving of subpoenas, making copies, serving
28

documents at the government's expense. Plaintiff is solely responsible for the other litigation expenses and tasks he identifies. Therefore, Plaintiff's motion is denied.

**IT IS ORDERED**:

1. Plaintiff's Motion to File Extended Complaint (Dkt. #2) is DENIED.
2. Plaintiff's Motion to Appoint Someone to Serve Documents (Dkt. #3) is DENIED as premature.
3. The Clerk of the Court is instructed to mail Plaintiff a copy of the Information and Instructions for Filing Civil Rights Complaint reference along with a blank civil rights complaint form.
4. Plaintiff shall have **until October 21, 2015** to submit a civil rights complaint on the court's form which complies with Rule 8.

Dated this 21st day of September, 2015.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

5