UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DAVID KLUCKA,<br><br>    Plaintiff,<br><br>v.<br><br>RANDALL REGO, et al.,<br><br>    Defendants. | Case No. 2:15-cv-01535-JCM-PAL<br><br>**ORDER**<br>**– AND –**<br>**REPORT OF FINDINGS AND**<br>**RECOMMENDATION**<br><br>(IFP Apps. – Dkt. #5, #7)<br>(Stip. Ext. Time – Dkt. #9) |

This matter is before the Court on Plaintiff David Klucka's Application to Proceed *In Forma Pauperis* (Dkt. #5, #7), as well as his Stipulation for Extension of Proof of Service Due Date (Dkt. #9). These filings are referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and LR IB 1-3 and 1-4.

Plaintiff is a pretrial detainee in the custody of the Clark County Detention Center, and he proceeding in this action *pro se*. Plaintiff has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and requested permission to proceed *in forma pauperis* ("IFP"), meaning without prepaying the full $400.00 filing fee.[1] *See* Pl.'s Compl. (Dkt. #1-1); IFP Apps. (Dkt. #1, #5, #7); Am. Compl. (Dkt. #8). However, on at least three (3) occasions, this Court has dismissed civil actions that Plaintiff commenced while in detention as frivolous or for a failure to state a claim upon which any relief may be granted. *See Klucka v. Lippis*, Case No. 2:05-cv-01285-JCM-GWF (D. Nev. Nov. 29, 2006) (dismissing § 1983 claims against justice of the peace and deputy district attorney, who had absolute immunity from such claims); *Klucka v. Barker*, Case No. 2:15-cv-02162-JAD-NJK (D. Nev. Dec. 8, 2015) (dismissing § 1983 claims with prejudice

---

[1] Pursuant to the Court's Schedule of Fees dated January 1, 2015, the administrative fee of $50.00 does not apply to persons granted *in forma pauperis* status under 28 U.S.C. § 1915. However, when the Court denies a plaintiff *in forma pauperis* status, the full $400.00 filing fee applies.

1

against appointed counsel and investigator, who were not state actors); *Klucka v. Powell*, Case No. 2:15-cv-01609-RCJ-NJK (D. Nev. Jan. 5, 2016) (dismissing § 1983 claims with prejudice against appointed counsel and investigator, who were not state actors); *Klucka v. Almase*, Case No. 2:15-cv-01658-RFB-PAL (D. Nev. Feb. 17, 2016) (dismissing § 1983 claims with prejudice against appointed counsel, who was not a state actor).[2]  Pursuant to 28 U.S.C. § 1915(g), "if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," he may not proceed IFP and, instead, must pay the full $400.00 filing fee in advance unless he is "under imminent danger of serious physical injury."

In this case, Mr. Klucka alleges § 1983 claims arising from the conduct of Defendants Randall Rego, Irene Contreras, and John Does #1 and #2.  The Amended Complaint (Dkt. #8) alleges that Rego and Contreras made false statements to the arresting police officers in his criminal case and then committed perjury while testifying at the August 21, 2013 preliminary hearing.  *Id.* at 5–8.  The Court finds that these allegations fail to plausibly allege that Mr. Klucka is in imminent danger of serious physical injury.  *See Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (holding that the exception to § 1915(g) applies if the complaint plausibly alleges the prisoner faced imminent danger of serious physical injury at the time of filing).

Additionally, the Court notes that Plaintiff has filed several complaints in the past making very similar, unmeritorious allegations.  *See*, *supra*, Klucka cases dismissed.  The case law clearly demonstrates that Mr. Klucka may not bring a § 1983 action against Defendants Rego and Contreras based their testimony in the criminal case.  *See Briscoe v. LaHue*, 460 U.S. 325, 329–330 (1983) (finding that § 1983 "does not allow recovery of damages against a private party for testimony in a judicial proceeding"); *Rehberg v. Paulk*, --- U.S. ----, 132 S. Ct. 1497, 1504–05 (2012) (same).  The Court therefore finds that such allegations fail to state a claim upon

---

[2] The Court takes judicial notice of its prior records in the above matters.

2

which relief may be granted. Accordingly, the undersigned recommends that this case be dismissed with prejudice.

Based on the foregoing,

**IT IS ORDERED:**

1. Plaintiff David Klucka's Stipulation for Extension of Proof of Service Due Date (Dkt. #9) is DENIED.

**IT IS RECOMMENDED** that:

1. Plaintiff David Klucka's Applications To Proceed *In Forma Pauperis* (Dkt. #5, #7) be DENIED.
2. Plaintiff David Klucka's Amended Complaint (Dkt. #8) be DISSMISSED WITH PREJUDICE.
3. The Clerk of the Court be instructed to enter judgment accordingly.

Dated this 25th day of April, 2016.

                          PEGGY A. LEEN
                          UNITED STATES MAGISTRATE JUDGE

**NOTICE**

This Report of Findings and Recommendation is submitted to the assigned District Judge pursuant to 28 U.S.C. § 636(b)(1) and is not immediately appealable to the Court of Appeals for the Ninth Circuit. Any notice of appeal to the Ninth Circuit should not be filed until entry of the district court's judgment. *See* Fed. R. App. Pro. 4(a)(1). Pursuant to LR IB 3-2(a) of the Local Rules of Practice, any party wishing to object to a magistrate judge's findings and recommendations of shall file and serve *specific written objections*, together with points and authorities in support of those objections, within 14 days of the date of service. *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. Pro. 6, 72. The document should be captioned "Objections to Magistrate Judge's Report of Findings and Recommendation," and it is subject to the page limitations found in LR 7-4. The parties are advised that failure to file objections within the

3

1  specified time may result in the district court's acceptance of this Report of Findings and
2  Recommendation without further review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121
3  (9th Cir. 2003).  In addition, failure to file timely objections to any factual determinations by a
4  magistrate judge may be considered a waiver of a party's right to appellate review of the findings
5  of fact in an order or judgment entered pursuant to the recommendation.  *See Martinez v. Ylst*,
6  951 F.2d 1153, 1156 (9th Cir. 1991); Fed. R. Civ. Pro. 72.